GLICK v. HARTMAN.

1. AMENDMENT. An action commenced by a *femmecovert* in her former name as a *femmesole*, may on leave of the court, be amended, by the substitution of her proper name.
2. SAME: TERMS. Amendments should always be allowed upon such terms as the circumstances, in the opinion of the court, may require.

*Appeal from Warren District Court.*

TUESDAY, JUNE 5.

FORECLOSURE of a mortgage. The material facts are stated in the opinion of the court. Defendant appeals.

*C. C. Nourse* for the appellant, contended that the suit was commenced by a person who had no legal existence. 1 Chit. Pl. 28–29; that under the Code the wife is *prima facie* unable to contract, and sue and be sued. *Rodemeyer* v. *Rodman*, 5 Iowa 428.

*J. E. Williamson* for the appellee, relied upon *Roop* v. *Clark's Guardians*, 4 G. Greene 294; *Hunt* v. *Collins*, 4 Iowa 56.

LOWE, C. J.—When the note and mortgage, upon which this suit was founded, were executed, the plaintiff, Catherine Glick, was a *femme-sole* by the name of Catherine Ray, and in that name the suit was originally instituted. Objection being made, the court permitted the proceedings to be amended so that the record should speak her new or marital name; and ordered that her husband be joined with her in the action, which was accordingly done, and the cause continued until the next regular term of the court. This was but carrying out the true meaning and spirit of sections 1758 and 1759 of the Code.

In allowing such material amendments, the court will of course see to it, that the adverse party is not prejudiced or taken by surprise, but will impose such terms and rules as in his discretion the circumstances would seem to require. Yet this action on the part of the court is deemed a manifest error. But it is asked what difference could it make to the defendant in point of fact, whether the suit had been entirely dismissed because of this irregularity, and a new action brought at the next succeeding term in the name of the husband and wife, or the cause retained, the record reformed and the case continued for trial. In either case the defend-

ant would be called upon to answer to the same cause of action. If in adopting this latter course, the defendant should be subject to any additional costs, it should be taxed to the plaintiffs. If this was not done, that fact might be just cause of complaint. But an omission of this kind is not made the ground of error. The charge is that the court changed the state of the record in the manner suggested, which the defendant insists was erroneous and unlawful. We think it to be most in accordance with the true object and expansive nature of our system of jurisprudence. We rather suspect that the chief difficulty in this case is, that the appellant and his counsel have not yet entirely broken away from the effete forms and rules of the old practice, and entered into the more liberal spirit and reforms of the law of procedure presented in our Code.

Judgment affirmed.