## BUTCHER v. CARLETON.

1. AMENDMENT. The plaintiff may, after a demurrer to the petition for a misjoinder of parties has been sustained, amend by striking out the name of his co-plaintiff. *Glick* v. *Hartman* 10 Iowa 410 cited and approved.

*Appeal from Wappello District Court*

SATURDAY, OCTOBER 6.

THE material facts are stated in the opinion of the court.

LOWE C. J.—Originally this suit was brought by plaintiff jointly with one Lawson Bradley against defendant to recover of him three hundred dollars, being his proportional part of a claim which one Henry Hiphart held jointly against all three of them, and for which they were equally liable, but which had been fully liquidated by said Butcher and Bradley. The defendant demurred to this petition on the ground that the plaintiffs could not join in maintaining this suit against him. This demurrer was sustained, and leave granted plaintiffs to amend their petition. This was done by striking out the name of Bradley as one of the plaintiffs and setting out the same cause of action as accruing to Butcher alone. Defendant declined to appear any further in the cause, and a judgment was taken against him by default at the March term 1859, for the sum of $287,62.

At the September term thereafter. the defendant moved the Court to vacate this judgment:

*First*, Because it was entered by mistake; *Second*, Because there was no such cause pending; *Third*, The Court never authorized the amendment that was made in the pleadings; *Fourth*, The records do not show that defendant was notified of the pendency of such action.

This motion was overruled, exceptions taken, and cause brought here on said exceptions.

But the particular question raised by the assignment of errors in this court, goes to the power of the court to allow

amendments in the pleadings of the description above named.

A question of practice involving the same principle was settled against the appellant in the case of *Glick* v. *Hartman* 10 Iowa 410, and therefore need not again be discussed. Aside from the very broad terms in which the power of amendments is granted by the Code, we suppose that it follows that if under section 1815 of the Code, it is competent for the court on trial to render judgment in favor of a less number than are made plaintiffs by its record, according as the evidence might show the right of the case, so it might before trial reform the record to suit such case, upon a proper showing made.

Judgment affirmed.